Christopher J. Meister, SBN 024974
Aaron S. Nava, SBN 036428
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone:  602.778.3700
Facsimile:  602.778.3750
christopher.meister@ogletree.com
aaron.nava@ogletree.com

*Attorneys for Defendant Johnson Controls, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Paz, a single individual,<br><br>        Plaintiff,<br><br>   v.<br><br>Johnson Controls, Inc., an Arizona limited liability company,<br><br>        Defendant. | No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

**To the Clerk of the above-entitled Court:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), Defendant Johnson Controls, Inc. ("Defendant" or "JCI") hereby removes this civil action from the Superior Court of the State of Arizona, County of Pima, to the United States District Court for the District of Arizona. In support of removal, JCI states as follows:

1. On May 20, 2021, Plaintiff filed his Complaint in the Superior Court of the State of Arizona, County of Pima. The Complaint was served on Defendant JCI on June 4, 2021.

2. In the Complaint, Plaintiff named "Johnson Controls, Inc., an Arizona limited liability company" as the Defendant.  *See* Complaint Caption.

3. Aside from the Complaint and Summons, there have not been any other forms of process, pleadings, or orders served in this matter. Attached as Exhibit A are copies of the Superior Court docket and Complaint (including service documents). There are no pending motions. Attached as Exhibit B is a Declaration from Patricia Donahoe in support of this Notice ("Declaration").

4. In accordance with 28 U.S.C. § 1446(b), JCI is timely filing this Notice within thirty (30) days of its receipt of service of the Complaint.

5. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.

6. Plaintiff is a resident of the State of Arizona. *See* Complaint ¶ 2.

7. JCI is a corporation organized under the laws of the State of Wisconsin. *See* Complaint ¶ 3; Declaration ¶¶ 7-8. JCI's high-level employees direct, control, and coordinate the company's activities including financing, marketing, business and operations strategy, and human resources and legal support from Wisconsin. Accordingly, JCI is a citizen of the State of Wisconsin. *See* Declaration ¶ 8.

8. Johnson Controls, Inc. is not Plaintiff's employer. Plaintiff's actual employer and the proper Defendant is Johnson Controls Fire Protection, LP ("JCFP"). JCFP is a Delaware limited partnership, owned by four partners: (1) Simplex Time Recorder LLC, a Massachusetts limited liability company; (2) Tyco Fire Protection LLC, a Delaware limited liability company; (3) Master Protection, LP, a Delaware limited partnership; and (4) STR Grinnell GP Holding, LLC, a Nevada limited liability company. Three of the partners are holding companies. Master Protection, LP's high level employees direct, control, and coordinate its financing, marketing, business and operations strategy, and human resources and legal support activities from its principal place of business in Boca Raton, Florida. None of the partners are organized under the laws of Arizona, nor do they have a principal place of business in Arizona. *See* Declaration ¶ 10.

9. Because Plaintiff is a citizen of the State of Arizona and JCI is a citizen of the State of Wisconsin, complete diversity among the named parties exists. 28 U.S.C. §§ 1332, 1441, and 1446.

2

10. Complete diversity also exists between Plaintiff and his actual employer JCFP. Plaintiff is a citizen of the State of Arizona and the partners of JCFP are citizens of Massachusetts, Delaware, and Nevada. Complete diversity among the parties exist as no partners share the same state of citizenship as Plaintiff. 28 U.S.C. §§ 1332, 1441, and 1446.

11. Because Plaintiff seeks damages in excess of the $75,000.00 threshold as set forth below in detail, the amount in controversy exceeds that required to establish diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, and 1446.

12. Plaintiff is currently employed by JCFP at an hourly rate of $26.75. *See* Declaration ¶ 11. In the Complaint, Plaintiff alleges he is owed the difference between his hourly rate and "$31.00 or $32.00" as a "Lead Foreman." *See* Complaint ¶¶ 28-29. Plaintiff further alleges he is owed these additional hourly earnings for 1840.50 hours at regular time, 603.50 hours at overtime (time and one-half rate), and 8 hours at double time. *See* Complaint ¶¶ 22-24.

13. At $26.75 per hour, Plaintiff claims, albeit incorrectly, to be entitled to $73,876.81. At $32.00 per hour, Plaintiff would allegedly be entitled to $88,376.00.

14. Plaintiff also alleges he is entitled to $8.00 per hour for "saved project hours" in an amount ranging from 1423 hours to "more than 4,000 project hours." *See* Complaint ¶¶ 26-27, 30-31. For 1423 project hours, Plaintiff alleges he is entitled to at least $11,384.00 in bonus payments.

15. In sum, Plaintiff alleges he is entitled to at least $14,499.19 in unpaid wages and $11,384.00 in unpaid bonus payments. Plaintiff alleges that these amounts should be trebled. *See* Complaint ¶ 86. Thus, Plaintiff seeks at least $77,649.57 in unpaid wages.

16. In addition to the $77,649.57 in calculable damages, Plaintiff also seeks attorneys' fees and other compensatory damages. *See* Complaint ¶¶ 87, 96-97.

17. As a result, this Court has diversity jurisdiction because the amount in controversy exceeds the $75,000.00 jurisdictional threshold.

18. JCI served a copy of this Notice on Plaintiff. JCI also filed a copy of this Notice with the Clerk of the Superior Court of the State of Arizona, County of Pima, from

where this action is being removed, pursuant to Rule 3.6(a), Local Rules of the United States District Court for the District of Arizona. A copy of this Notice filed with the state court clerk is attached hereto as Exhibit C. This Notice is signed pursuant to Fed. R. Civ. P. 11, as required by Local Rule 3.6(a).

19. JCI hereby requests that this case be removed from the Pima County Superior Court to this Court.

RESPECTFULLY SUBMITTED this 2nd day of July 2021.

          OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.

          By: s/ Christopher J. Meister
              Christopher J. Meister, SBN 024974
              Aaron S. Nava, SBN 036428
              2415 East Camelback Road, Suite 800
              Phoenix, AZ 85016
              christopher.meister@ogletree.com
              aaron.nava@ogletree.com

          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I also hereby certify that I have this day served, via first-class mail, postage prepaid, a true and correct copy of the foregoing to:

Phil S. Flemming
ROBAINA & KRESIN PLLC
6017 North 15th Street
Phoenix, AZ 85014
psf@robainalaw.com

*Attorneys for Plaintiff*


By:  s/ Diane Kelly

47694058.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700